UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No.: 1:04-CR-10-SPM

WILLIE J. HINES,

    Defendant.

_____/

### ORDER GRANTING MODIFICATION OF CONDITIONS OF RELEASE

On Tuesday, October 9, 2007, during a status hearing, Defendant Hines requested leave to make a lump sum payment of $20,650 toward his restitution. Upon consideration, the Court has decided to grant this request. However, after the completion of the Defendant's supervision, he is still responsible for the balance of his restitution payments to the Clerk of the Court, pursuant to 18 U.S.C. § 3611. And while on release, the Defendant is still responsible for adherence to the requirements of 18 U.S.C. § 3664(k)[1]. <u>United States v. Maestrelli</u>, 156 Fed. Appx. 144, 146 (11th Cir.

---

[1] "A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party,

2005) (holding that partial prepayment of restitution does not discharge a defendant from payment of the remaining balance; also noting that the requirement to report changes in economic condition affects the defendant's *ability* to pay, not the *obligation* to pay)

Accordingly, it is hereby ordered and adjudged as follows:

1. The Defendant's additional condition of supervised release are amended to read that "the defendant shall pay any unpaid restitution in monthly installments of $350."

2. The Defendant shall make payment of $20,650 **on or before January 1, 2008**.

4. In the event that the Defendant does not make payment as scheduled, this modification shall be considered void and the conditions of release shall remain as imposed on December 13, 2004.

5. Defendant shall notify his probation officer of any material changes in his economic condition.

**SO ORDERED** this nineteenth day of November, 2007.

    *s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge

---

including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require."